UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARD NORTON,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | Case No.  2:23-cv-01762-JDP (HC)<br><br>ORDER |

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  After reviewing his petition, I find that it fails to state a cognizable claim.  I will give him leave to amend before recommending that the petition be dismissed, and I will deny his motion to appoint counsel.  ECF No. 4.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    Petitioner raises four claims.  First, he argues that the trial court abused its discretion when it allowed a witness to testify as to a prior sex offense he perpetrated.  ECF No. 1 at 5.  Petitioner

1

1  contends that this testimony was "demonstrably false and extremely uncredible." *Id.* Habeas
2  relief may issue only if the state court's decision violated clearly established federal law, 28
3  U.S.C. § 2254(d), and the Supreme Court has held that, generally, the admissibility of evidence is
4  a matter of state law that is not reviewable by federal habeas courts. *Estelle v. McGuire*, 502 U.S.
5  62, 67-68 (1991). The Ninth Circuit has stated that admission of evidence can only violate due
6  process if it is fundamentally unfair and there are no permissible inferences the jury can draw
7  from it. *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991); *Holley v. Yarborough*, 568
8  F.3d 1091, 1101 (9th Cir. 2009). Petitioner has not made such arguments here. Indeed, other
9  than alleging that the evidence was false and not credible, he has not otherwise identified how its
10 admission violated his rights.

11     Second, petitioner alleges that the state courts' imposition of consecutive sentences
12 violated his rights. ECF No. 1 at 7. Such claims regarding state sentencing law are not
13 cognizable on federal habeas review. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.
14 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of
15 state criminal procedure and is not within the purview of federal habeas corpus.").

16     Third, petitioner argues that the state court abstract of judgment contains a clerical error
17 that should be corrected. ECF No. 1 at 8. There appears to be no constitutional right at issue
18 here, and petitioner does not provide support for the notion that this court could order a state court
19 to alter its own filings. A request to correct such a clerical error should be filed with the relevant
20 state court.

21     Fourth and finally, petitioner states that he was twenty-four years old at the time of his
22 crime and would like the court to consider resentencing him due to his relatively young age. *Id.*
23 at 10. This court cannot change petitioner's state court sentence; the most favorable outcome he
24 can achieve here is having his sentence vacated for violation of federal law. The decision of
25 whether to resentence him lies solely within the state courts' discretion.

26     I will deny petitioner's request for appointment of counsel. There is no right to
27 appointment of counsel in federal habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460
28 (9th Cir. 1996). Appointment of counsel is warranted only where "the interests of justice so

require." *See* 18 U.S.C. § 3006A. Having found that none of petitioner's claims is currently cognizable, I find that appointment of counsel is unwarranted at this time.

It is ORDERED that:

1. The Clerk of Court is directed to send petitioner a federal § 2254 habeas form.

2. Within thirty days of this order's entry, petitioner may file an amended habeas petition. If he does not, I will recommend this action be dismissed.

3. Petitioner's motion for appointment of counsel, ECF No. 4, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  November 1, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE